No. 21-70010

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

BRITTANY MARLOWE HOLBERG,

*Petitioner-Appellant,*

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division
District Court No. 2:15-CV-285-Z

PETITIONER-APPELLANT'S SUPPLEMENTAL BRIEF

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Petitioner-Appellant Brittany Marlowe Holberg respectfully submits this supplemental brief addressing the exhaustion of her claim that the State violated due process by failing to disclose that witness Vickie Kirkpatrick was a police informant.

Holberg alleged in state post-conviction proceedings that the State failed to disclose that Kirkpatrick was a police informant and that this

1

failure violated due process, the Fifth and Fourteenth Amendments to the United States Constitution, and *Brady v. Maryland*, 373 U.S. 83 (1962) and its progeny. Under the precedent of the Supreme Court and this Court, Holberg's allegations fairly presented the factual and legal bases of her claim to the Texas courts. The claim is thus not defaulted, and this Court should address it on the merits.

## BACKGROUND

In Claim 33 of her application for state post-conviction relief, Holberg alleged that the State violated due process by intentionally eliciting misleading testimony from cooperating witness Vickie Kirkpatrick. ROA.98623-98624. Holberg alleged that "Kirkpatrick indicated she was a confidential informant for the Task Force or SWAT team. If that were the case, defense counsel was entitled to know that information . . . ." ROA.98624. The claim alleged this as a violation of the Fifth and Fourteenth Amendments to the United States Constitution. ROA.98623. In support, Holberg cited *Ex Parte Adams*, 768 S.W.2d 281 (Tex. Crim. App. 1989), wherein the Texas Court of Criminal Appeals ("CCA") vacated the applicant's conviction based on violations of the federal "constitutional principles requiring disclosure of

evidence favorable to an accused and the prohibition on knowingly using false evidence to convict." *Id.* at 293. Before making that ruling, the *Adams* court at length discussed federal precedent under *Brady v. Maryland*, 373 U.S. 83 (1962), including *Napue v. Illinois*, 360 U.S. 264 (1959), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Bagley*, 473 U.S. 667 (1985). *Adams*, 768 S.W.2d at 292-93.

In Claim 34 of her application for state post-conviction relief, Holberg alleged that the State violated due process by failing to provide exculpatory and mitigating information in its possession. ROA.98625. This claim alleged violation of the Fifth and Fourteenth Amendments to the United States Constitution, and it cited *Brady*. ROA.98625.

Attached as "Exhibit A" to its Answer to Holberg's state post-conviction petition, the State provided the transcript of an April 17, 1998, "Statement of Facts" in Kirkpatrick's own criminal sentencing proceeding. ROA.1427. In the transcript, Corporal Eddie Stallings, a police officer for the Amarillo police department—which also investigated and was closely involved in the prosecution of Holberg—testified that Kirkpatrick helped the police "on many, many things," ROA.1487, and the police "paid her for information," ROA.1496.

Corporal Stallings explained that on an almost daily basis, he paid Kirkpatrick to buy drugs, and used information she provided to obtain search warrants. ROA.1488-1489. In his examination of Corporal Stallings, Assistant District Attorney Robert Love—who also prosecuted Holberg at trial—repeatedly referred to Kirkpatrick as a "confidential informant." ROA.1493-1494, 1496. And in announcing sentencing, the court recognized that Kirkpatrick had been "very cooperative" as a police informant. ROA.1500.

In her reply in support of her application for post-conviction relief, Holberg combined her responses on Claims 33 and 34. ROA.98848. Therein, she alleged that the State "suppressed the following . . . Vicki Kirkpatrick . . . had been an informant for the police." ROA.98855; *see also* ROA.98851 (Kirkpatrick "had been involved as an informant for the police").

The state trial court initially deemed the reply to constitute a successive application for post-conviction relief, ROA.78484, but the CCA overruled, finding that the reply merely provided "further evidentiary and legal support" for claims in the original petition, ROA.99074. The CCA held:

> The 'reply' brief and other supporting documents do not assert additional claims, nor do they expand upon a claim already raised. Therefore, the argument, authorities, and evidence raised in these documents should be considered . . . in conjunction with the claims already before the trial court.

ROA.99074. In later denying relief, the state trial court discussed the April 17, 1998, transcript in depth, ROA.97940-97943, and, with respect to Kirkpatrick, considered Claims 33 and 34 as one, ROA.97956-97957. The CCA subsequently adopted the trial court's rulings as its own.[1] ROA.84019.

In these federal habeas proceedings, Holberg alleged in her Amended Petition that the State violated *Brady* and its progeny because "the State never revealed Kirkpatrick's extensive history as a police informant." ROA.29523. The Amended Petition continued: "The State's concealment that Kirkpatrick was a police informant at the time of Holberg's purported confession (May 13 to 15, 1997), and that she had been deliberately placed in Holberg's cell to obtain a confession, violated Holberg's due process rights." ROA.29523 (citing *Banks v. Dretke*, 540

---

[1] The CCA reviews and rules on all capital state post-conviction applications; there is not a separate appeal in Texas capital post-conviction proceedings. *See* Tex. Code Crim. Proc. art. 11.071, § 11.

5

U.S. 668, 690-703 (2004) and *United States v. Henry*, 447 U.S. 264, 270-75 (1980)); ROA.29522-29526, 29539. The District Court ruled that Holberg exhausted the claim, but it denied relief. ROA.110803-110805.

On appeal to this Court, the Director has not challenged the District Court's exhaustion ruling and has not asserted procedural default. Indeed, counsel for the Director explained at oral argument:

> The reason why the Director in federal court has not asserted the procedural bar is because I think it is fair to say, certainly the facts supporting the claim as it exists now were present in the state court.

https://www.ca5.uscourts.gov/OralArgRecordings/21/21-70010_6-5-2024.mp3 ("Or. Arg.") at 0:38:35-49. Nonetheless, during the course of argument, the panel raised questions regarding whether Holberg exhausted her due process claim concerning Kirkpatrick's work as a police informant. Because the issue was not briefed by the parties, Holberg's counsel orally requested the opportunity to submit a post-argument supplemental brief. This proposed brief follows.

## ARGUMENT

Habeas petitioners must exhaust state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b). This rule "requires that petitioners fairly present federal claims to the state courts in order

to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotations and alterations omitted). This threshold is met "when the prisoner has presented the substance of his claim to the state courts," *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986), which requires "specifying both the legal and factual basis for the claim." *Lucio v. Lumpkin*, 987 F.3d 451, 464 (5th Cir. 2021); *see Picard v. Connor*, 404 U.S. 270, 277 (1971) (petitioner must present to state courts both "the facts bearing upon [the] constitutional claim" and the "controlling legal principles" of federal law).

A. **Holberg exhausted her *Brady* claim.**

Here, Holberg presented to the Texas courts "both the legal and factual basis" for her claim that the State failed to disclose that key witness Vickie Kirkpatrick was a police informant. The claim is therefore exhausted.

The factual basis of this claim was presented in state court. Holberg's state petition alleged Kirkpatrick "was a confidential informant" for law enforcement and, if true, "defense counsel was entitled to know that information." ROA.98624. After the State's

7

Answer confirmed and provided extensive detail about Holberg's informant work, ROA.1487-1500, Holberg's reply expressly alleged that the State "suppressed" information that Kirkpatrick "had been an informant for the police," ROA.98855; *see also* ROA.98851. Further, the CCA held that the allegations in the reply did not raise new claims but merely provided "further evidentiary and legal support" for claims in the initial petition. ROA.99074. In light of this record, the Director has rightly conceded that "certainly the facts supporting the claim as it exists now were present in the state court." Or. Arg. at 0:38:40-49.

So too the legal basis of the claim was presented in state court. A petitioner can present the federal constitutional basis of a state court claim in any number of ways, including: by "assert[ing] the claim in terms sufficiently particular as to call to mind a specific right protected by the Constitution[;]" by "alleg[ing] a pattern of facts that is well within the mainstream of constitutional litigation[;]" or by "relying on pertinent federal cases employing relevant constitutional analysis." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004) (internal citations and quotations omitted). The federal constitutional basis can even be presented by

8

citing *state court precedent* that "explicitly connect[s] the error . . . to an accused's federal [constitutional] rights." *Taylor v. Cain*, 545 F.3d 327, 334 (5th Cir. 2008). Here, Holberg's claim checks all these boxes.

Holberg's state petition and reply—both of which the CCA ruled to have been properly presented, ROA.99074—alleged violations of due process under the Fifth and Fourteenth Amendments to the United States Constitution. ROA.98623-98625, 98855. Holberg specifically alleged that the State "suppressed" the fact that Kirkpatrick was "a confidential informant for the police" and that the defense "was entitled to know that information." ROA.98624, 98855. This "pattern of facts . . . is well within the mainstream of constitutional litigation" and clearly implicates the "specific right protected by the Constitution" under *Brady* and its progeny. *Soffar*, 368 F.3d at 465.

Moreover, Holberg explicitly cited *Brady* and its progeny, ROA.98625, 98863-98864, and likewise cited *Ex Parte Adams*, ROA.98623, which explicitly connected Holberg's claim to federal "constitutional principles requiring disclosure of evidence favorable to an accused," *Adams*, 768 S.W.2d at 293. The federal constitutional basis of Holberg's claim was clear and unmistakable. This Court, in fact, has

9

found exhaustion with far less. *See, e.g.*, *Taylor*, 545 F.3d at 333-34 (finding claim exhausted where the state court submissions "never explicitly mention the federal Constitution").

**B.    The form in which Holberg presented her *Brady* claim does not alter the fact that it is exhausted.**

It is of no moment that Holberg initially raised the non-disclosure of Kirkpatrick's police informant work in Claim 33, which alleged *intentional* elicitation of misleading evidence, *see* ROA.98623-98624, and later—after the State acknowledged Kirkpatrick's informant work—raised the issue in her reply to Claim 34, which alleged *non-disclosure* of favorable evidence, *see* ROA.98625, 98848, 98851, 98855. For one thing, Holberg explicitly combined her Kirkpatrick arguments on Claims 33 and 34, ROA.98848, and the state court addressed them as one, ROA.97956-97957. For another, this Court has long recognized that a claim can be exhausted even though it "shifted over time" in state court proceedings. *Lucio*, 987 F.3d at 465-66; *see, e.g.*, *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (per curiam) (although claim had different "primary focus" in state court, it still presented "the substantial equivalent" of the federal claim). Indeed, a federal claim can be presented as parts of different claims in state court and yet still meet

the fair presentation requirement. *See, e.g., Kittelson v. Dretke*, 426 F.3d 306, 317 (5th Cir. 2005) (relying on allegations in three separate state habeas claims to find that Confrontation Clause claim was fairly presented); *Odem v. Hopkins*, 192 F.3d 772, 775 (8th Cir. 1999) ("Even though the issue of the State's turning over of exculpatory evidence [was] contained solely within an argument pertaining to ineffective assistance of counsel, it is clear that Odem raised both the facts and the legal argument pertaining to his *Brady* violation before the state court.").

*Banks v. Dretke*, 540 U.S. 668 (2004), is instructive. In state court proceedings there, "Banks alleged upon information and belief that the prosecution knowingly failed to turn over exculpatory evidence as required by [*Brady*]" that "would have revealed [a State witness] as a police informant and Mr. Banks' arrest as a set-up." *Id.* at 682. An unsigned affidavit additionally alleged that the witness "was well-connected to law enforcement people and consequently managed to stay out of trouble" for drugs. *Id.* (internal quotations omitted). That was all. The Supreme Court nonetheless ruled that, because "Banks alleged in his . . . state-court application for a writ of habeas corpus that the

prosecution knowingly failed to turn over exculpatory evidence involving [the witness] in violation of Banks's due process rights," he "satisfied the exhaustion requirement." *Id.* at 690.

Holberg's allegations in state court here were at least as specific as those in *Banks*, and hers were supported by far more direct evidence. The Supreme Court's finding of exhaustion in *Banks* thus compels the same finding here.

## CONCLUSION

Petitioner-Appellant Brittany Marlowe Holberg fairly presented in state court her due process claim regarding Vickie Kirkpatrick's undisclosed police informant work; all of the evidence upon which the claim relies is in the state court record; and the District Court correctly found the claim was exhausted. Accordingly, this Court should rule that the claim is exhausted and address the merits of the claim.

Respectfully submitted,

_/s/ David F. Abernethy_
DAVID F. ABERNETHY
PA Bar No. 36666
david.abernethy@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
(215) 988-2700
(215) 988-2757 (facsimile)

D. ALEXANDER HARRELL
TX Bar No. 24055624
alex.harrell@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (facsimile)

SHAWN NOLAN
PA Bar No. 56535
shawn_nolan@fd.org
SONALI SHAHI
PA Bar No. 319898
sonali_shahi@fd.org
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EASTERN DISTRICT OF
PENNSYLVANIA
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, Pennsylvania 19106
(215) 928-0520

PAUL E. MANSUR
Attorney at Law
TX Bar No. 00796078
paul@paulmansurlaw.com
114 S. Main St.
Seminole, Texas 79360
(432) 847-4649
(432) 847-4649 (facsimile)

**COUNSEL FOR APPELLANT
BRITTANY MARLOWE HOLBERG**

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limit, Typeface Requirements,
and Type-Style Requirements

This supplemental brief complies with the type-volume limitation of FED. R. APP. P. 32 because it contains 2,119 words, excluding the parts exempted by FED. R. APP. P. 32(f), and counsel has requested leave to file a supplemental brief of up to 2,500 words.

This supplemental brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6), because it has been prepared in a proportionally-spaced typeface using Microsoft Word for Windows, in Century Schoolbook font 14-point typeface.

                                           /s/ David F. Abernethy
                                           DAVID F. ABERNETHY

## CERTIFICATE OF SERVICE

I certify that on June 20, 2024, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                                 /s/ David F. Abernethy
                                                 DAVID F. ABERNETHY