No. 21-70010

In the

# United States Court of Appeals for the Fifth Circuit

BRITTANY MARLOWE HOLBERG,
*Petitioner–Appellant,*

v.

BOBBY LUMPKIN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
*Respondent–Appellee.*

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division

## SUPPLEMENTAL BRIEF OF RESPONDENT–APPELLEE

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | TRAVIS G. BRAGG<br>Assistant Attorney General<br>*Counsel of Record* |
| BRENT WEBSTER<br>First Assistant Attorney General | Post Office Box 12548,<br>Capitol Station |
| JOSH RENO<br>Deputy Attorney General<br>   for Criminal Justice | Austin, Texas 78711<br>512.936.1400<br>Travis.Bragg@oag.texas.gov |
| EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division | |

*Counsel for Respondent–Appellee*

Petitioner–Appellant Brittany Marlowe Holberg appeals the district court's denial of federal habeas relief. This Court granted a certificate of appealability, Op. 11, ECF No. 111, and heard oral argument on two issues, *see generally* Oral Argument. One of the issues was whether the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing information that Vicki Kirkpatrick, a witness at Holberg's trial, served as a paid informant for the investigating agency in other cases (but notably, not in Holberg's case). *See* Br. Pet'r–Appellant 31–44.

During oral argument, the panel posed questions regarding whether Holberg's *Brady* claim was procedurally barred due to her failure to exhaust the claim in state court. *See, e.g.*, Oral Argument 12:50–17:00. Holberg sought leave, Mot. Pet'r–Appellant Leave to File Supp. Br. 5, ECF No. 222, and was granted permission, Order 1, ECF No. 226, to file a supplemental brief addressing the procedural issue since that was not addressed by the prior briefing. Holberg filed her supplemental brief. *See generally* Pet'r–Appellant Supp. Br., ECF No. 227. The Respondent–Appellee Director now submits his supplemental brief and agrees that the Court should find the claim to be properly

1

exhausted and, thus, subject to review under the deference of AEDPA. *See* 28 U.S.C. § 2254(d).

In Holberg's initial state habeas application she raised thirty-five claims. 1/2.SHCR.Supp.10–268.[1] In "Ground 33" Holberg alleges that the State intentionally elicited false and misleading testimony from Kirkpatrick, citing Ex parte Adamas, 768 S.W.2d 281, 292 (Tex. Crim. App. 1989). *Id.* at 188–89. In this claim Holberg points to a later claim by Kirkpatrick where "Kirkpatrick indicated she was a confidential informant for the Task Force or SWAT team." *Id.* at 189. "Ground 34" is Holberg's *Brady* claim as it originally existed and only asserts the suppression of information from Becky Bates. *Id.* at 190. There is no mention of Kirkpatrick or her informant status here.

Later Holberg filed a "Reply in Support of Application for Writ of Habeas Corpus." 2.SHCR.10–164. The state district court dismissed this filing as a subsequent application pursuant to the Texas Code of Criminal Procedure Article 11.071 and forwarded it to the CCA. However, the CCA found this filing was not a subsequent application as it did not add new

---

[1] The Director will continue to use the same citation structure for the state court records except for the direct appeal opinion by the Court of Criminal Appeals (CCA) and the two sets of findings and conclusions from the state habeas proceedings. *See* Br. Resp.–Appellee 4 n.4–5, ECF No. 176.

claims; rather, it merely expanded on a few of those grounds for relief already raised in the initial application. *Ex parte Holberg*, No. WR-68,994, 2008 WL 152725, at *1 (Jan. 16, 2008).

In this "Reply" Holberg addressed Ground 34, the *Brady* claim (noting that she was also expounding on Ground 33, the false-testimony claim). 2.SHCR.118–40. The core of this new version of her claims was that the district attorney engaged in nefarious witness tampering and coerced testimony from several witnesses, including Kirkpatrick.[2] There, Holberg asserted that Kirkpatrick "had been involved as an informant for the police . . . ." *Id.* at 121. She later argued: "In sum, the State intentionally suppressed . . . . [that] Vicki Kirkpatrick . . . had been an informant for the police . . . ." *Id.* at 126.

In addressing Holberg's Ground 34 as it involved Kirkpatrick, the state habeas court found that there was no merit to this claim for relief and referred to the findings made when it addressed Ground 33. ROA.36469–70. In Ground 33 the court noted that Holberg greatly expanded this claim in her Reply, and it focused on the core argument of

---

[2]　Although this was part of her original claim in these proceedings, the Court did not grant a COA on that issue. Op. 5–6, ECF No. 111.

3

that expansion: the purported scheme of the district attorney to coerce testimony from several witnesses. ROA.36448–50. In also finding Holberg's allegations in Ground 33 to be meritless, the court focused on the key piece of evidence which Holberg used to support her *Brady* claim as it went to Kirkpatrick's status as an informant: the testimony from Kirkpatrick's trial where she pled guilty in her pending charges. ROA.36453–56. That proceeding included testimony about Kirkpatrick's informant status and that she received no promise, threat, or benefit for her participation in Holberg's case. Ultimately, the court found that Holberg "failed to establish any error by the prosecution in regard to Kirkpatrick's testimony, as it finds [Holberg's] allegations regarding her thirty-third ground for relief have no basis in fact."

While there is legitimate confusion created by Holberg's many permutations of her claim in state court, Holberg raised in state habeas court the claim that is now before this Court: that the State violated *Brady* by suppressing Kirkpatrick's previous informant activities. Further, the state habeas court rejected that claim on the merits, and the CCA accepted those findings. As such, this Court should treat the *Brady*

claim before it as adjudicated on the merits in state court and, thus, subject to the deferential review standards under AEDPA.

          Respectfully submitted,

          KEN PAXTON
          Attorney General of Texas

          BRENT WEBSTER
          First Assistant Attorney General

          JOSH RENO
          Deputy Attorney General
             for Criminal Justice

          EDWARD L. MARSHALL
          Chief, Criminal Appeals Division

          *s/ Travis G. Bragg*
          TRAVIS G. BRAGG
          Assistant Attorney General
          State Bar No. 24076286
             *Counsel of Record*

          Post Office Box 12548, Capitol Station
          Austin, Texas 78711-2548
          (512) 936-1400
          Travis.Bragg@oag.texas.gov

          *Attorneys for Respondent–Appellee*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2024, a copy of this pleading was filed with the Clerk of the Court using the electronic case-filing system, which will serve all registered counsel in this case.

*s/ Travis G. Bragg*
TRAVIS G. BRAGG
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 32(a)(5)–(7) as amended by this Court's order on June 24, 2024. It contains 869 words using Microsoft Word for Office 365, Century Schoolbook, 14 points.

*s/ Travis G. Bragg*
TRAVIS G. BRAGG
Assistant Attorney General

## CERTIFICATE OF ELECTRONIC CASE FILING

I certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

*s/ Travis G. Bragg*
TRAVIS G. BRAGG
Assistant Attorney General
