

**David F. Abernethy**
david.abernethy@faegredrinker.com
+1 215 988 2503 direct

faegredrinker.com

Faegre Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
+1 215 988 2700 main
+1 215 988 2757 fax

January 24, 2025

**BY CM/ECF**

Mr. Lyle W. Cayce
Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
Suite 115
New Orleans LA 70130-3408

Re: *Holberg v. Guerrero* – No. 21-70010 – Letter Pursuant to Federal Rule of Appellate Procedure 28(j) relating to decision of the Supreme Court of the United States in *Andrew v. White,* 604 U.S. __, 2025 WL 247502 (Jan. 21, 2025) (per curiam)

Dear Mr. Cayce:

Appellant contends that the State violated due process by failing to disclose that prosecution witness Vickie Kirkpatrick was a paid informant for the police department that investigated Appellant's case, and Texas courts that denied this due process claim unreasonably applied the holdings in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Banks v. Dretke*, 540 U.S. 668 (2004). Doc.139-1 at 42-44; Doc.191 at 5-8.

The State argues that in *Banks* the Supreme Court found a *Brady* violation where the State failed to disclose payments to its witness for "the witness' involvement *in that case* …." Because police paid Kirkpatrick in other cases, the State argues, applying *Banks* to Appellant's case would "extend" its rationale, and *Banks* therefore is not clearly established federal law ("CEFL") applicable to Appellant's claim. Doc.176 at 15.

In *Andrew,* the Supreme Court reversed a Tenth Circuit decision accepting a very similar argument. It held that because "[t]he legal principle ... that the Due Process Clause can ... protect against the introduction of unduly prejudicial evidence" was "indispensable" to the Supreme Court's prior

decisions, that principle constitutes CEFL. 2025 WL 247502 at *3. The Court explained:

> To the extent that the Court of Appeals thought itself constrained by AEDPA to limit *Payne* to its facts, it was mistaken. General legal principles can constitute [CEFL] ... so long as they are holdings of this Court. ... [C]ertain principles are fundamental enough that when new factual permutations arise, the necessity to apply the earlier rule will be beyond doubt.

*Id.* at *4 (citations and quotations omitted).

*Andrew* underlines the principle that AEDPA does not limit the application of holdings such as those in *Brady* and *Banks* to cases involving the same precise facts. The fundamental legal principles established by those holdings constitute CEFL: failure to disclose favorable and material evidence violates due process, *Brady*, 373 U.S. at 87, and failure to disclose that a prosecution witness is a paid informant for the police investigating the defendant's offense violates *Brady* because of the "serious questions of credibility informers pose," *Banks*, 540 U.S. at 701 (quotation marks omitted).

Respectfully,

/s David F. Abernethy

David F. Abernethy

The body of this letter consists of 347 words in compliance with Federal Rule of Appellate Procedure 28(j).  I certify that on January 24, 2025, a copy of this document was filed electronically with the Clerk for the Court of the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  January 24, 2025                                 */s/ David F. Abernethy*
                                                                           David F. Abernethy