

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

**VIA CM/ECF**

February 18, 2025

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:  *Holberg v. Guerrero*, No. 21-70010 – Appellant's Letter Pursuant to Federal Rule of Appellate Procedure 28(j) relating to decision of the Supreme Court of the United States in *Andrew v. White*, 145 S. Ct. 75 (2025)

Dear Mr. Cayce:

Appellant Brittany Holberg filed a letter pursuant to Federal Rule of Appellate Procedure 28(j) regarding the Supreme Court's recent decision in *Andrew v. White*, 145 S. Ct. 75 (2025). Pet. Letter at 1, ECF No. 241. She contends that this decision undercuts the Director's argument for Holberg's "Kirkpatrick claim" that there is no clearly established federal law finding the failure of the State to disclose a witness' informant status *in other cases* to violate *Brady v. Maryland*[1] and *Bank v. Dretke*.[2] *Id.* at 1–2.

Holberg argues that *Andrew* reinforces the proposition that AEDPA does not require a case to "involve[e] the same precise facts" for prior case law to be clearly established. On this we agree. However, Holberg asserts that the Tenth Circuit decision, which the Supreme Court overturned, "accept[ed] a very similar argument" to the one raised by the Director. This is not correct.

---

[1]  373 U.S. 83 (1963)

[2]  540 U.S. 668 (2004)

In *Andrew* the Supreme Court found that the Tenth Circuit erred when it declared that a "holding" of *Payne v. Tennessee*[3] was instead a "pronouncement" and, thus, not clearly established. 145 S. Ct. at 80. The Court reaffirmed the holding of *Payne* and that it was clearly established for purposes of AEDPA. *Id.* at 81. This is plainly distinct from what the Director argues now: that *Banks* is factually distinct in a meaningful way—serving as an informant in the case at issue versus having previously served as an informant in separate cases—such that applying that holding would necessarily extend the rationale underpinning that case. *See Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004); *Dennes v. Davis*, 797 F. App'x 835, 842 (5th Cir. 2020).

Respectfully submitted,

 s/ Travis G. Bragg<br>
Travis G. Bragg<br>
Assistant Attorney General

P.S. This letter was filed with the Clerk of the Court using the electronic case-filing system. The letter: (1) has 284 words, thereby complying with the applicable word limitation; (2) follows privacy redaction requirements; (3) is an exact duplicate of the paper document; and (4) has been scanned with the most recent version of a commercial virus-scanning program and is virus free. The Court's electronic case-filing system will serve all registered counsel in this case.

---

[3]   501 U.S. 808 (1991)