No. 21-70010

# In the United States Court of Appeals for the Fifth Circuit

BRITTANY MARLOWE HOLBERG,
PETITIONER-APPELLANT,

*v.*

ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
RESPONDENT-APPELLEE.

### *AMICUS CURIAE* BRIEF OF SEPARATION OF POWERS CLINIC IN SUPPORT OF REHEARING EN BANC

R. TRENT MCCOTTER*
  **Counsel of Record*
SEPARATION OF POWERS CLINIC
COLUMBUS SCHOOL OF LAW
THE CATHOLIC UNIVERSITY OF
  AMERICA
3600 John McCormack Rd. NE
Washington, DC 20064
(202) 706-5488
mccotter@cua.edu

Counsel for *Amicus Curiae*

# SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS

## No. 21-70010 Holberg v. Guerrero

Pursuant to Fifth Circuit Rule 29.2, undersigned counsel of record provides the following supplemental list of persons and entities that have an interest in the outcome of this case.

R. Trent McCotter

Separation of Powers Clinic, Columbus School of Law, The Catholic University of America

/s/ R. Trent McCotter

R. Trent McCotter

# **TABLE OF CONTENTS**

STATEMENT OF INTERESTED PERSONS ....................................... C-1

TABLE OF AUTHORITIES.................................................................ii

INTEREST AND IDENTITY OF THE *AMICUS CURIAE*...................... 1

SUMMARY OF THE ARGUMENT ........................................................ 1

ARGUMENT .........................................................................................2

I.    This Court Has Long Held It Need Not Accept a Waiver of Procedural Default ........................................................................ 2

II.    At the Very Least, the Court Could Address the Continued Vitality of Its Caselaw on Waivers of Procedural Default .............. 7

CONCLUSION ................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atkins v. Hooper*,
  979 F.3d 1035 (5th Cir. 2020) ............................................................... 9

*Bucknell v. Thaler*,
  488 F. App'x 851 (5th Cir. 2012) .......................................................... 9

*Christmas v. Hooper*,
  118 F.4th 724 (5th Cir. 2024) ............................................................... 6

*Cullen v. Pinholster*,
  563 U.S. 170 (2011) ............................................................................. 3

*Davila v. Davis*,
  582 U.S. 521 (2017) ......................................................................... 2, 3

*Divers v. Cain*,
  698 F.3d 211 (5th Cir. 2012) ............................................................... 9

*Duvall v. Purkett*,
  15 F.3d 745 (8th Cir. 1994) ................................................................. 5

*Earhart v. Johnson*,
  132 F.3d 1062 (5th Cir. 1998) .......................................................... 4, 6

*Ficher v. Bickham*,
  70 F.4th 257 (5th Cir. 2023) ................................................................ 8

*Graham v. Johnson*,
  94 F.3d 958 (5th Cir. 1996) .............................................................. 4, 6

*Jenkins v. Fitzberger*,
  440 F.2d 1188 (4th Cir. 1971) ............................................................. 5

*Keeney v. Tamayo-Reyes*,
  504 U.S. 1 (1992) ................................................................................. 5

*Loynachan v. Davis*,
  766 F. App'x 156 (5th Cir. 2019) ......................................................... 8

*Magouirk v. Phillips*,
  144 F.3d 348 (5th Cir. 1998) ............................................................... 4

*Martinez v. Ryan*,
  566 U.S. 1 (2012) .................................................................................. 3

*McGee v. Estelle*,
  722 F.2d 1206 (5th Cir. 1984) ............................................................ 4

*Noble v. Dir., TDCJ-CID*,
  No. 3:24-cv-1376, 2024 WL 4181788 (N.D. Tex. Sept. 12,
  2024) ................................................................................................... 9

*Sloan v. Delo*,
  54 F.3d 1371 (8th Cir. 1995) ............................................................... 5

*Texas v. United States*,
  126 F.4th 392 (5th Cir. 2025) ............................................................. 8

*Thompson v. Wainwright*,
  714 F.2d 1495 (11th Cir. 1983) .......................................................... 5

*Tolg v. Grimes*,
  355 F.2d 92 (5th Cir. 1966) ................................................................. 5

*Trest v. Cain*,
  522 U.S. 87 (1997) ............................................................................... 8

*Trimble v. Cain*,
  No. 14-cv-876, 2016 WL 3946498 (W.D. La. June 29, 2016) ................ 9

*Wood v. Milyard*,
  566 U.S. 463 (2012) ...................................................................... 7, 8

**Statutes**

28 U.S.C. § 2254(b)(2) ................................................................... 3, 6, 7

28 U.S.C. § 2254(b)(3) ............................................................................ 3

## INTEREST AND IDENTITY OF THE *AMICUS CURIAE*[1]

*Amicus curiae* the Separation of Powers Clinic at The Catholic University of America's Columbus School of Law (previously at the Antonin Scalia Law School at George Mason University) provides students an opportunity to discuss, research, and write about separation of powers issues in ongoing litigation. The Clinic has submitted over fifty briefs in federal cases implicating separation of powers, including federalism and comity.

## SUMMARY OF THE ARGUMENT

In addition to the persuasive reasons raised by the government's petition, rehearing is warranted in this case because the panel arguably should never have reached the merits of Petitioner Holberg's Kirkpatrick-related *Brady* claim. In his dissent, Judge Duncan noted that Holberg likely did not procedurally exhaust that particular claim in state court. Slip.Op.29 n.1 (Duncan, J., dissenting). But because the government did not dispute that the claim appeared to be exhausted,

---

[1] No counsel for any party has authored this brief in whole or in part, and no entity or person, aside from *amicus curiae* and its counsel, made any monetary contribution intended to fund the preparation or submission of this brief. *Amicus* has sought leave to file this brief.

1

Judge Duncan "proceed[ed] on the assumption" that the claim had not been procedurally defaulted. *Id.* The majority opinion appears to have concluded *sub silentio* that the claim was exhausted.

Respectfully, under this Court's longstanding precedent holding that the Court is not obligated to accept even an express waiver of procedural default, the panel should have determined for itself whether the Kirkpatrick-related *Brady* claim was properly exhausted in state court. That precedent is based on the comity and federalism embodied by deferential federal habeas review, as well as a strong statutory preference against granting merits relief in the face of procedural default.

## ARGUMENT

### I. This Court Has Long Held It Need Not Accept a Waiver of Procedural Default.

The Supreme Court has explained that "[f]ederal habeas review of state convictions entails significant costs and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority" because it "frustrates both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Davila v. Davis*, 582 U.S. 521, 537 (2017) (cleaned up). Such review "degrades the prominence of the State trial, and it disturbs the

State's significant interest in repose for concluded litigation and denies society the right to punish some admitted offenders." *Id.* (cleaned up).

Accordingly, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (emphasis added); *see also Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (recognizing "AEDPA's goal of promoting comity, finality, and federalism").

And most importantly here, "[t]hese rules include the doctrine of procedural default." *Martinez*, 566 U.S. at 9. The relevant statutory provisions in AEDPA uniquely single out procedural exhaustion for heightened protection. Congress imposed an exceptionally high burden for finding a defendant waived procedural exhaustion, 28 U.S.C. § 2254(b)(3), and a court is expressly authorized to elide exhaustion but only when the petition will be "denied on the merits" anyway, *id.* § 2254(b)(2).

Unsurprisingly, given these considerations, this Court held long ago that a "district court or a panel of this court may consider that it should not accept a waiver, express or implied," of procedural default because "comity is not a one way street," and "[s]trong federal interests may exist that, balanced against those of the state in the particular case, will permit the district court in its discretion to decline a waiver and require state exhaustion." *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (*en banc*) (cleaned up).

This Court has maintained that position over the years, repeatedly confirming that a court "need not accept a state's waiver of the exhaustion requirement," given "the interests of comity." *Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998); *see Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]he Court may refuse to honor the state's waiver of an exhaustion defense, when comity or judicial efficiency make it appropriate for the Court to insist upon complete exhaustion.").

To be sure, "failure to exhaust is not a jurisdictional or inflexible bar" that the Court *must* invoke regardless of what the parties say, but "[j]ust as clearly, however, federal courts, trial and appellate, are not obliged to accept a state's waiver of exhaustion." *Graham v. Johnson*, 94

4

F.3d 958, 970 (5th Cir. 1996). Other circuits have longstanding caselaw in accordance. *See Duvall v. Purkett*, 15 F.3d 745, 747 &n.4 (8th Cir. 1994); *Thompson v. Wainwright*, 714 F.2d 1495, 1508–09 (11th Cir. 1983); *Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 (4th Cir. 1971).

Some circuits even hold that "federal courts should be hesitant to accept State waivers of the exhaustion defense." *Duvall*, 15 F.3d at 747. "Such a waiver is not favored because the exhaustion requirement is intended to channel claims to the state courts in the first instance." *Sloan v. Delo*, 54 F.3d 1371, 1382 n.9 (8th Cir. 1995).

After all, "[t]he purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). "We should no more tolerate disregard for this principle by the State than by the habeas petitioner." *Duvall*, 15 F.3d at 747 n.4.

This Court has acknowledged that a waiver of exhaustion in this context can be accepted when "substantial justice will be furthered by such waiver." *Tolg v. Grimes*, 355 F.2d 92, 97 (5th Cir. 1966). And, to be

5

sure, this Court has noted that "ordinarily the waiver will be honored," *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996), but that approach is most logical where the inmate would lose anyway on the merits, *see, e.g., Christmas v. Hooper*, 118 F.4th 724, 734 (5th Cir. 2024) (assuming exhaustion because claim would fail on merits anyway); *Earhart*, 132 F.3d at 1066 (accepting waiver because inmate lost anyway). Given that relief will be denied either way, the Court can exercise discretion to issue the denial on the merits rather than on a procedural ground. *See* 28 U.S.C. § 2254(b)(2). "When a court is convinced that the petition lacks merit and when the State has waived any exhaustion defense, application of the exhaustion doctrine" can be a "useless" formality. *Plunkett*, 828 F.2d at 956.

But the calculus is much different when it means a federal court would rely on a waiver to skip past procedural exhaustion and then *grant* habeas relief, dinging a state court for its supposedly unreasonable determination of a claim that arguably was never presented to it in the first place. Congress itself recognized this critical distinction when it authorized courts to deny—but not grant—habeas despite failure to exhaust: "An application for a writ of habeas corpus may be denied on the

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Here, the panel appears to have assumed proper exhaustion and then proceeded to grant habeas relief. But under the framework long imposed by this Court, the panel could—and should—have declined to accept any waiver of exhaustion and instead determined for itself whether the Kirkpatrick-related *Brady* claim was procedurally exhausted. There is a good argument it was not, as Judge Duncan explained in footnote 2 of his dissent. And even if a waiver should ordinarily be honored, this case is certainly far from ordinary.

This provides yet another reason for rehearing, in addition to those in the government's persuasive petition.

## II. At the Very Least, the Court Could Address the Continued Vitality of Its Caselaw on Waivers of Procedural Default.

This Court has not overruled or cast doubt on its decisions cited above. In 2012, however, the Supreme Court held that a "court is not at liberty … to bypass, override, or excuse a State's deliberate waiver of a *limitations defense*" in a habeas case. *Wood v. Milyard*, 566 U.S. 463, 466 (2012) (emphasis added). That case involved the government expressly waiving the statute of limitations, and this Court has subsequently

7

applied *Wood* in that context, *Ficher v. Bickham*, 70 F.4th 257, 258 (5th Cir. 2023), but neither the Supreme Court nor this Court has apparently held whether *Wood* applies to waivers of *procedural default*.

There may be some tension between *Wood*'s holding on waivers of a limitations defense and this Court's caselaw involving waivers of *procedural default*. But mere tension is insufficient to overrule this Court's prior precedent. *See Texas v. United States*, 126 F.4th 392, 407 (5th Cir. 2025). Further, the last word from the Supreme Court on honoring waivers of procedural default appears to be that the lower courts should decide the matter for themselves. *See Trest v. Cain*, 522 U.S. 87, 90 (1997) ("We recognize some uncertainty in the lower courts as to whether, or just when, a habeas court may consider a procedural default that the State at some point has waived"—but declining "to examine that question" at that time).

Even after *Wood*, this Court and district courts within this Circuit continue to rely on the caselaw holding that a court is not bound by a waiver of procedural default. *See Loynachan v. Davis*, 766 F. App'x 156, 159 n.1 (5th Cir. 2019) ("[T]his court can ignore the waiver in the interest of comity."); *Divers v. Cain*, 698 F.3d 211, 215 (5th Cir. 2012) (choosing

to "accept the State's waiver"); *Bucknell v. Thaler*, 488 F. App'x 851, 853 (5th Cir. 2012) ("[W]e have the discretion to reject the Respondent's 'waiver in the interests of comity.'"); *Noble v. Dir., TDCJ-CID*, No. 3:24-cv-1376, 2024 WL 4181788, at *1 (N.D. Tex. Sept. 12, 2024) (court "may 'reject a waiver in the interests of comity' in use of its discretion"); *Trimble v. Cain*, No. 14-cv-876, 2016 WL 3946498, at *6 (W.D. La. June 29, 2016) ("Although a federal court is permitted to raise [procedural default] *sua sponte* [despite a 'waive[r]'], it is not required to do so.").

That makes good sense. As then-Judge Costa explained in 2020 in the context of habeas relief, the "court always has discretion to forgive forfeiture (*or even waiver*)." *Atkins v. Hooper*, 979 F.3d 1035, 1053 (5th Cir. 2020) (Costa, J., dissenting in part) (emphasis added).

Accordingly, the Court should continue to follow its longstanding caselaw holding that a panel need not reflexively accept a waiver of procedural default.

At the very least, *Amicus* could address this issue further during the *en banc* proceedings, assuming the Court grants rehearing—which it should for all the reasons in the government's excellent petition.

9

## CONCLUSION

The Court should grant rehearing.

May 2, 2025                                      Respectfully submitted,


                                                 /s/ R. Trent McCotter
                                                 R. TRENT MCCOTTER*
                                                    *Counsel of Record
                                                 SEPARATION OF POWERS CLINIC
                                                 COLUMBUS SCHOOL OF LAW
                                                 THE CATHOLIC UNIVERSITY OF
                                                    AMERICA
                                                 3600 John McCormack Rd. NE
                                                 Washington, DC 20064
                                                 (202) 706-5488
                                                 mccotter@cua.edu
                                                 Counsel for *Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/EFC filing system and that service will be accomplished using the appellate CM/ECF system.

/s/ R. Trent McCotter

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this brief was prepared in 14-point Century Schoolbook, a proportionally spaced typeface, using Microsoft Word. Fed. R. App. P. 29(a), 32(g)(1). This brief complies with the type-volume limitation of Rule 29(a) because it contains 1824 words, excluding the parts exempted under Rule 32(f).

/s/ R. Trent McCotter