No. 21-70010

---

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

## BRITTANY MARLOWE HOLBERG,

### Petitioner-Appellant

### v.

## ERIC GUERRERO, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

### Respondent-Appellee

---

### On Appeal from the United States District Court
### for the Northern District of Texas, Amarillo Division
### USDC No. 2:15-CV-285

---

## OPPOSITION OF PETITIONER-APPELLANT BRITTANY MARLOWE HOLBERG TO PETITION FOR REHEARING EN BANC

---

David F. Abernethy
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia PA 19103-6996
Telephone (215) 988-2503
david.abernethy@faegredrinker.com

D. Alexander Harrell
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas TX 75201
Telephone (469) 357-2500
alex.harrell@faegredrinker.com

**Shawn Nolan**
**Sonali Shahi**
**Federal Community Defender Office for the Eastern District of Pennsylvania**
**Capital Habeas Unit**
**601 Walnut Street, Suite 545 West**
**Philadelphia, PA 19106**
**Telephone (215) 928-0520**
**Shawn_Nolan@fd.org**
**sonali_shahi@fd.org**

## NO. 21-70010

## BRITTANY MARLOWE HOLBERG, PETITIONER-APPELLANT,

## v.

## ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, RESPONDENT-APPELLEE.

### CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel certifies that the following persons and entities, as described in Fifth Circuit Rule 28.2.1, have or previously had an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

*Petitioner-Appellant*

Brittany Marlowe Holberg, TDCJ ID Number 999258

*Counsel for Petitioner-Appellant in the District Court*

Alan J. Lazarus (retired)
Faegre Drinker Biddle & Reath LLP

Philip Alan Wischkaemper
Law Office of Philip Wischkaemper

Paul Edward Mansur

*Appellate Counsel for Petitioner-Appellant*

David F. Abernethy
Alex Harrell
Faegre Drinker Biddle & Reath LLP

Paul Edward Mansur

Shawn Nolan
Sonali Shahi
Federal Community Defender Office, Eastern District of Pennsylvania

*Respondent-Appellee*

Eric Guerrero, Director
Texas Department of Criminal Justice
Correctional Institutions Division

*Counsel for Respondent-Appellee in the District Court*

Travis Golden Bragg
Office of the Texas Attorney General
Criminal Appeals Division

Edward Larry Marshall
Office of the Texas Attorney General
Financial Litigation & Charitable Trusts Division

*Appellate Counsel for Respondent-Appellee*

Aaron L. Nielson
William F. Cole
Sara B. Baumgardner
Ryan Baasch
Office of the Texas Attorney General
Solicitor General Division

Travis Golden Bragg
Office of the Texas Attorney General
Criminal Appeals Division

Edward Larry Marshall
Office of the Texas Attorney General
Financial Litigation & Charitable Trusts Division

/s/ David F. Abernethy
---
DAVID F. ABERNETHY
Counsel for Appellant
Brittany Marlowe Holberg

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS..........................................................i

TABLE OF CONTENTS .............................................................................iv

TABLE OF AUTHORITIES...........................................................................v

INTRODUCTION AND RULE 40(B)(2) STATEMENT .......................................1

STATEMENT OF FACTS .............................................................................1

ARGUMENT ...........................................................................................3

    I.    The State Offers No Justification for Rehearing En Banc. ...................3

    II.    The State Shows No Conflict with *Brady*. ...........................................5

    III.    Kirkpatrick's Testimony Was Material; the State, Not the Panel, Fails to Consider the Entire Record. ....................................................6

        A.    Self-defense..................................................................................6

        B.    Robbery/capital murder ...............................................................8

        C.    Sentence ...................................................................................10

    IV.    The State Shows No Conflict with AEDPA. .......................................12

        A.    The panel correctly found unreasonable application of clearly established law. ...........................................................13

        B.    The panel did not disregard state court factual findings...........15

    V.    The *Brady* Claim Was Exhausted in State Court (and This Is No Longer an Issue). ...................................................................17

CONCLUSION ......................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Andrew v. White*,
    145 S. Ct. 75 (2025) ..................................................................................13

*Banks v. Dretke*,
    540 U.S. 668 (2004) ..................................................................................13

*Brady v. Maryland*,
    373 U.S. 83 (1963) ............................................................................ *passim*

*Christopher M. by Laveta McA. v. Corpus Christi Indep. Sch. Dist.*,
    933 F.2d 1285 (5th Cir. 1991) ...................................................................18

*Dennes v. Davis*,
    797 F. App'x 835 (5th Cir. 2020) ..............................................................14

*Floyd v. Vannoy*,
    894 F.3d 143 (5th Cir. 2018) ..................................................................5, 7

*G. & H. Equip. Co., Inc. v. Alexander*,
    533 S.W.2d 872 (Tex. Civ. App. 1976) .....................................................13

*Glossip v. Oklahoma*,
    145 S. Ct. 612 (2025) ................................................................................16

*Gonzalez v. S. Pac. Transp. Co.*,
    773 F.2d 637 (5th Cir. 1985) ..................................................................3, 4

*Gordon v. Pliler*,
    573 F. App'x 657 (9th Cir. 2014) ..............................................................17

*Graham v. Johnson*,
    94 F.3d 958 (5th Cir. 1996) ......................................................................18

*Hinkley v. Envoy Air, Inc.*,
    968 F.3d 544 (5th Cir. 2020) ....................................................................14

*Holberg v. State*,
    38 S.W.3d 137 (Tex. Crim. App. 2000) ..................................................1, 17

*Holberg v. State*,
    425 S.W.3d 282 (Tex. Crim. App. 2014) .....................................................9

*Jones v. State*,
    119 S.W.3d 766 (Tex. Crim. App. 2003) ......................................................8

*Kyles v. Whitley,*
514 U.S. 419 (1995).................................................5, 7, 12

*Maxwell v. Roe,*
628 F.3d 486 (9th Cir. 2010) ...................................14

*McCarthy v. State,*
65 S.W.3d 47 (Tex. Crim. App. 2001).........................8

*Mims v. United States,*
375 F.2d 135 (5th Cir. 1967) ...................................11

*Robertson v. State,*
871 S.W.2d 701 (Tex. Crim. App. 1993)......................8

*Robinson v. Mills,*
592 F.3d 730 (6th Cir. 2010) ...................................14

*Saxton v. State,*
804 S.W.2d 910 (Tex. Crim. App. 1991) (en banc)........7

*Squyres v. Heico Cos., LLC,*
782 F.3d 224 (5th Cir. 2015) ...................................18

*United States v. Abel,*
469 U.S. 45 (1984)...................................................13

*United States v. Bagley,*
473 U.S. 667 (1985).................................................13

*Wearry v. Foster,*
52 F.4th 258 (5th Cir. 2022) .....................................3

*Wiggins v. Smith,*
539 U.S. 510 (2003)...................................................7

**Statutes, Rules & Regulations**

28 U.S.C. § 2254(e)(1)...............................................15, 17

Fifth Cir. R. 40.2.1.......................................................3

Fifth Cir. R. 40.2.2.4....................................................3

Fifth Cir. I.O.P. R. 40...................................................3

Fed. R. App. P. 40........................................................4

Fed. R. App. P. 40(b)(2) ..........................................1, 3, 4

Fed. R. App. P. 40(b)(2)(B) ........................................................................................1, 4

Fed. R. App. P. 40(c) ...................................................................................................3

Tex. Code Crim. Proc. Article 37.071 ........................................................................11

## INTRODUCTION AND RULE 40(B)(2) STATEMENT

The panel granted relief to Appellant Brittany Holberg because the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing impeachment evidence about Vickie Kirkpatrick, a "key prosecution witness," *Holberg v. State*, 38 S.W.3d 137, 139 (Tex. Crim. App. 2000). The majority and dissenting opinions agreed the information was suppressed and favorable to Holberg. The majority applied the law everyone agreed was controlling, to undisputed relevant facts, and ruled the violation was material and denial of the claim unreasonably applied clearly established federal law under AEDPA.

Appellee (the "State") seeks rehearing en banc but merely reargues the merits of the issues the panel decided. It does not show the conflict with *Brady* or AEDPA that it posits as a basis for rehearing en banc under Rule 40(b)(2)(B), and does not suggest any other basis for rehearing under the rule.

## STATEMENT OF FACTS

Holberg was a young woman who turned to sex work because of drug addiction that followed years of abuse and sexual violence. App. 2. She testified that A.B. Towery, Sr., whom she met through that sex work, assaulted her, and she killed him in self-defense. ROA.8989, 9009-36.

The prosecution charged capital murder and alleged Holberg killed Towery to steal money or drugs. Kirkpatrick supplied critical support by testifying that

Holberg admitted going to Towery's apartment to get money for drugs and killing him when he refused to give her money. ROA.8620:16-8622:21.

The prosecution also portrayed Holberg as a sadistic and remorseless killer who likely would commit more acts of violence. Kirkpatrick provided critical support for this too. She testified that Holberg said she enjoyed killing Towery, that it was "fun" and "amazing," and that she would willingly kill again. ROA.8623:5-17, 8624:14-23. Holberg, she said, showed "[n]o kind of remorse." ROA.8624:24-8625:8. Kirkpatrick also testified that Holberg described Towery making "gurgling noises" as he was dying, and said she "stuck a lamp thing down his throat because she got tired of hearing him make the noises." ROA.8621:1-3, 8623:18-8624:4.

The prosecution insisted Kirkpatrick was truthful and used her testimony to attack Holberg's credibility. ROA.9339:9-25.

Kirkpatrick testified her only motive in cooperating against Holberg was to "do the right thing." ROA.8618:17-8619:2. But at the time of Holberg's supposed admissions Kirkpatrick was a narcotics informant, paid thousands of dollars by the Amarillo police, who then took her statement incriminating Holberg. ROA.106754:2-106755:4, 106759:1-7. The police knew Kirkpatrick used those payments to feed her own drug habit. ROA.29911, 106755:1-12. Right after

taking her statement against Holberg, officers bonded her out of jail and got a criminal charge against her dismissed.  ROA.29756, 92731, 106755:25-106756:20.

Kirkpatrick then sought leniency from the judge in her own felony burglary case, touting her informant work, ROA.30231-30233, and her willingness to testify against Holberg, ROA.30234-30240, and lying that the burglary was her "first felony," ROA.302535, 106727:3-106728:8.

All this was known to police or prosecutors but not disclosed to Holberg.

## ARGUMENT

### I.     The State Offers No Justification for Rehearing En Banc.

"Alleged errors ... in the facts or … misapplication of correct precedent to the facts of the case, are matters for panel rehearing but not for rehearing en banc.'"  *Gonzalez v. S. Pac. Transp. Co.*, 773 F.2d 637, 641 (5th Cir. 1985).

The question here is not whether the panel was right on the merits but whether the "rigid standard" for en banc review is met.  Fifth Cir. R. 40.2.1.  Rule 40(c) makes clear that "rehearing en banc is not favored."  It is an "extraordinary remedy," *Wearry v. Foster*, 52 F.4th 258, 259-60 (5th Cir. 2022) (Ho, J., concurring), and rarely warranted.  En banc petitions are "the most abused prerogative of appellate advocates in the Fifth Circuit."  Fifth Cir. I.O.P. Rule 40.

Under Fifth Circuit Rule 40.2.2.4, a "petition for en banc consideration must be limited to the circumstances enumerated" in Rule 40(b)(2).  It must "bring to the

attention of the entire court a precedent-setting error of exceptional public importance or an opinion which directly conflicts with prior Supreme Court [or] Fifth Circuit precedent.'"  *Gonzalez*, 773 F.2d at 641.

The State does not argue this decision conflicts with decisions of this Court or another circuit, or presents a "question of exceptional importance."  It invokes only Rule 40(b)(2)(B), suggesting a conflict with Supreme Court authority by arguing the panel decision "contravenes" *Brady.*  Pet. 1.  But the State must show the decision "directly conflicts" with *Brady.*  Fifth Cir. I.O.P. Rule 40.

On this point, the State's "issues for en banc consideration" – whether the panel "properly applied *Brady*'s materiality requirement" and "properly applied AEDPA," Pet. 2 – give the game away.  Rule 40(b)(2) does not allow rehearing en banc to determine whether the panel "properly applied" the law.  Every panel decision applies controlling law to the facts.  If alleged error in doing so justified en banc review it would not be an "extraordinary" remedy but a routine re-review of the merits.  Rule 40, and this Court's decisions, make clear it is not.

And a review of where the majority and dissent agreed and disagreed underlines that the State argues, at most, only a "misapplication of correct precedent to the facts of the case."  *Gonzalez*, 773 F.2d at 641.

The majority and dissent agreed (indeed the State conceded) that this evidence was suppressed and favorable to the defense.  App. 10-13 n.1, 29.

They also agreed that Holberg had to show the *Brady* violation was material – that without it there was a "reasonable probability" of a different outcome. App. 12, 28-30. That did not require her to show she likely would have been acquitted, only that the suppression undermined confidence in the result. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *Floyd v. Vannoy*, 894 F.3d 143, 166 (5th Cir. 2018).

They also agreed that materiality is determined by considering the suppressed evidence in light of the entire record. App. 20, 30-31.

And they agreed Holberg was entitled to relief only if denial of the claim was an "unreasonable application" of "clearly established" federal law under AEDPA. App. 10, 30.

In sum, they agreed on the law and disagreed only on how it applied to undisputed facts. That does not justify rehearing en banc.

## II.    The State Shows No Conflict with *Brady*.

To create the illusion of a conflict with *Brady*, the State argues the panel "misapplied" it by failing to consider materiality in light of the entire record. The State speculates the panel "apparently believed" it could not do so because materiality "is not a sufficiency of evidence analysis." Pet. 8.

The panel was right: materiality is not a "sufficiency of evidence" test. *Kyles*, 514 U.S. at 434; *Floyd*, 894 F.3d at 167. But that does not mean, and the panel did not say, that materiality is not determined based on the entire record.

Quite the contrary, after a "careful and deferential review of the record," App. 15, the panel concluded, "considering the record as a whole," that there was "no sound theory" that Kirkpatrick's testimony was immaterial, App. 20. The panel addressed the dissent's arguments and explained why it nonetheless concluded Kirkpatrick's testimony must be considered material. *See, e.g.*, App. 18, 22, 25. The State disagrees, but its argument that the panel applied the wrong standard simply ignores what the panel actually said and did.

### III. Kirkpatrick's Testimony Was Material; the State, Not the Panel, Fails to Consider the Entire Record.

It is the State, not the panel, that cites evidence selectively. The State argues the prosecution's most important proof – Holberg's confession, related by Kirkpatrick, an apparently disinterested source – was not material. This again is just reargument of the merits. But in fact the other evidence was in conflict, and Kirkpatrick's testimony was critically important to the prosecution's case.

### A. Self-defense

The State argues Towery was a frail old man with serious health issues, so any jury would reject self-defense even without Kirkpatrick's testimony. Pet. 5-6. But the State's picture is incomplete. The medical examiner testified Towery was in "pretty good shape." ROA.8675:1-6. The prosecution presented evidence that Towery engaged in a 45-minute struggle with Holberg, ROA.8077:2-19, 8695:8-

24, during which he tore out some of her hair, ROA.8839:5-8842:1, 8852:6-9, and

Holberg suffered multiple injuries including a severe cut that bled profusely,

ROA.8598:1-8599:19, 8612:2-10, 9041.  The prosecution's portrayal of Towery as

a passive, helpless old man is belied by his history of violence and temperamental

outbursts, ROA.8350:7-8351:3, 9163:21-9172:6, caused by overuse of alcohol or

prescription medication as described by his children, ROA.8350:7-8354:25,

8359:10-8360:13, 9166:18-9167:6, 9173:4-25.

The burden of proof is critical here, but the State ignores it.  Once self-

defense was raised the prosecution had to disprove it beyond a reasonable doubt.

*Saxton v. State,* 804 S.W.2d 910, 913 (Tex. Crim. App. 1991) (en banc).

Materiality depends not on whether the other evidence was sufficient to reject self-

defense, *Kyles*, 514 U.S. at 434, but whether it is reasonably probable at least one

juror would have had reasonable doubt on self-defense absent Kirkpatrick's

testimony that Holberg killed Towery to rob him.  App. 20, 26 (citing *Wiggins v.

Smith,* 539 U.S. 510, 537 (2003)).  Kirkpatrick's testimony was the prosecution's

only non-circumstantial evidence on this issue, App. 6, 20, Pet. 11, and directly

contradicted Holberg's consistent assertion of self-defense, ROA.8246:8-8248:7,

8650, 9009-36.

The State also ignores that confessions have unique force and often drive

jury decisions to the exclusion of other evidence.  *See, e.g., Floyd*, 894 F.3d at 157

("[c]onfessions are generally considered strong evidence of guilt, and a sound confession alone may significantly influence a juror's decision"); *Jones v. State*, 119 S.W.3d 766, 783 (Tex. Crim. App. 2003) ("confession is generally likely to have a profound impact on a jury"); *McCarthy v. State*, 65 S.W.3d 47, 56 (Tex. Crim. App. 2001) ("confession is likely to leave an indelible impact on the jury … [i]f the jury believes that a defendant has admitted the crime, it will doubtless be tempted to rest its decision on that evidence alone, without careful consideration of the other evidence").

### B.    Robbery/capital murder

The Petition ignores a second guilt-related question on which Kirkpatrick was critical:  whether Holberg formed an intent to rob Towery before or during the homicide.  The prosecution had to prove that beyond a reasonable doubt to establish capital murder.  *Robertson v. State*, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993).

That Holberg was "drug-addled" at the time, Pet. 6, is more consistent with impulsive action, and theft as an afterthought, than a calculated plan to rob. Holberg's alleged admission of intent to Kirkpatrick was critical.  On appeal the State argued Kirkpatrick's testimony alone proved the robbery aggravator. ROA.67098.

Materiality turns on reasonable probability that at least one juror would have had reasonable doubt about the required intent without Kirkpatrick's testimony. The jurors clearly struggled with whether Holberg formed the required intent, asking the court: "can you commit robbery after you murder someone or is it theft?" ROA.9350:15-17. But Kirkpatrick supplied the essential proof.

The State also ignores conflicting evidence on whether any robbery occurred. It cites testimony offered to show that Holberg stole hundred-dollar bills from a pocket inside Towery's wallet. Pet. 6; ROA.8405:13-8406:1, 8418:16-23, 8362:16-8363:15. But Towery and Holberg bled profusely during the struggle, ROA.8598:2-8599:10, 8612:2-8, 9041, yet there was no blood on the wallet, ROA.8795:16-17. Holberg's fingerprints also were not on it, ROA.62785 (evidence log 40, "no prints identifiable"), even though they were found elsewhere in the apartment, ROA.8083:17-19, 8148:3-12. The prosecution had no evidence her DNA was on the wallet. *See Holberg v. State*, 425 S.W.3d 282 (Tex. Crim. App. 2014). It had no explanation why Holberg would rifle through Towery's wallet but leave behind a substantial sum in plain sight. ROA.99353-54.

The State also points to testimony that after her arrest Holberg referred to $1,400 allegedly being stolen from Towery, Pet. 6, arguing knowledge of that amount established she stole it. But in that statement she denied the theft,

ROA.8459:1-10, and a prosecution witness admitted the amount might have been revealed on a television program, ROA.9237:16-9238:3.

The prosecution also suggested that Holberg stole Towery's prescription medication, arguing he typically had many pill bottles in his apartment but only two are seen on the crime scene video. ROA.8068, 8355:1-14, 8409:7-20. But there was no precise evidence of how many bottles typically were there, ROA.8355:1-14, 8409:7-20, 8418:1-13; later review of the video showed five bottles, not two, *see* ROA.22266-67 (n.19); other evidence showed 14 bottles still in the apartment after Towery's death, ROA.8733:7-8734:5; and no one saw Holberg that day in possession of bottles or pills, ROA.8567:13-8569:7, 8586:24-8587.

## C. Sentence

Kirkpatrick's vivid portrayal of Holberg as sadistic, without remorse, and willing to kill again unquestionably affected the sentence.

The prosecution concluded its opening with a dramatic suggestion based entirely on Kirkpatrick's testimony: jurors would be haunted for the rest of their lives by the "gurgling" noises Towery made, which Kirkpatrick claimed Holberg "tired of" and tried to silence by shoving a lamp into his throat, ROA.8084:5-15, though Holberg testified she used it defensively as he attacked her, ROA.9034, and did not shove it into his throat intentionally, ROA.9137. The prosecution returned

10

to this issue in both its closings.  ROA.9288:16-18, 9990:8-13.  It unreasonably applies *Brady* materiality to conclude that Kirkpatrick's claim of intentional savagery did not affect the unanimous findings on future violence and lack of mitigating circumstances which resulted in a death sentence.  Tex. Code Crim. Proc. art. 37.071.

Kirkpatrick's testimony also was part of the hypothetical the prosecution expert assumed in opining on future violence.  ROA.9505:9-13, 9511:5-9.  The prosecution relied heavily on that expert.  ROA.9944:21-25, 9989:20-9990:13.  Impeaching Kirkpatrick would have undermined a key assumption.  Expert testimony "may be rebutted by showing the incorrectness … of the factual assumptions on which the opinion is based."  *Mims v. United States*, 375 F.2d 135, 143 (5th Cir. 1967).

Kirkpatrick's testimony was readmitted on penalty.  ROA.9378:1-3.  Guilt phase evidence often affects sentencing, App. 25 & n.57, and was relied on here by the prosecution, ROA.9982:14-19.  And Kirkpatrick's portrayal of Holberg as a monster stood out in a penalty case in which aggravation and mitigation were contested.

For example, the prosecution suggested Holberg killed another elderly man, ROA.9424:9-19, 9435:3-22, 9475:20-9476:17, but his death certificate said cancer, ROA.9686:16-9688:11, and jailhouse witnesses who claimed Holberg talked about

hitting him also said they did not believe her, ROA.9422:2-94245:8, 9435:3-9436:17. The prosecution called another jailhouse witness to say Holberg wanted to "silence" Kirkpatrick, but that witness doubted Holberg actually intended anything against Kirkpatrick. App. 24 n.56. Multiple witnesses testified to Holberg's remorse, ROA.9776:19-22, and childhood trauma, ROA.9547:3-6, 9536:2-4, 9541:19-23, ROA.9592:15-25, 9598:1-17, 9628:1-9629:10, 9635:1-17.

This conflicting evidence on sentence, which the dissent acknowledged, App. 39-40, only underscores the materiality of Kirkpatrick's testimony. Impeaching her as a paid informant and proven liar could have put the reliability of the State's entire case in "such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. Even with Kirkpatrick's testimony the jurors took 11 hours to reach the required unanimous findings. ROA.9993:1-9994:25. On this record the panel rightly concluded Kirkpatrick's testimony was material in any reasonable application of *Brady*.

## IV. The State Shows No Conflict with AEDPA.

The State argues the panel did not "properly apply" AEDPA. That also is an argument that it erred in applying the law, not a ground for rehearing en banc. Regardless, the Petition shows no conflict with AEDPA.

**A.    The panel correctly found unreasonable application of clearly established law.**

The State argues the panel only "purportedly" applied the AEDPA requirement that the state court unreasonably applied clearly established federal law.  Pet. 14.  In fact the panel explicitly applied that rule, App. 10, 15, 27, and the dissent acknowledged it did, App. 29, 30.

The State cites *Banks v. Dretke*, 540 U.S. 668 (2004), which applied *Brady* to an informant paid in the same case in which he testified, and argues the panel improperly extended that precedent to Kirkpatrick, who worked for the same officers but was paid for other cases.  Pet. 14-15.

But as the panel noted, App. 14, "'certain principles are fundamental enough that when new factual permutations arise, the necessity to apply the earlier rule will be beyond doubt.'"  *Andrew v. White*, 145 S. Ct. 75, 82 (2025).  Several fundamental principles apply here.  The prosecution may not suppress evidence "favorable to the accused."  *Brady*, 373 U.S. at 87.  That applies to impeachment. *United States v. Bagley*, 473 U.S. 667, 675 (1985).  Impeachment includes employment as a paid informant; informant testimony is inherently suspect. *Banks,* 540 U.S. at 701-02.  And witnesses may be impeached with facts showing bias including employment by the adverse party.  *United States v. Abel,* 469 U.S. 45, 50-52 (1984); *G. & H. Equip. Co., Inc. v. Alexander*, 533 S.W.2d 872, 875 (Tex. Civ. App. 1976).  Not surprisingly, other circuits have held, as this panel did,

13

that state courts unreasonably applied clearly established law by failing to require disclosure that prosecution witnesses were paid informants in other cases. *See Maxwell v. Roe,* 628 F.3d 486, 509-511 (9th Cir. 2010); *Robinson v. Mills,* 592 F.3d 730, 738 (6th Cir. 2010).

The State also cites *Dennes v. Davis*, 797 F. App'x 835 (5th Cir. 2020), to argue *Brady* does not apply because Kirkpatrick was paid for other cases. Pet. 15. But *Dennes* is not precedential; the published opinion here controls. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020). *Dennes* also is distinguishable. The cooperation of that witness "existed prior to and wholly independent of" the murder case. 797 F. App'x at 842-43. Kirkpatrick's work occurred at the same time, with the same police. Kirkpatrick also tried to use her testimony against Holberg to seek leniency for herself. That impeachment relates directly to her testimony against Holberg.

The dissent acknowledges this evidence was suppressed and favorable under *Brady.* It does not argue, as the State does here, that the panel improperly extended precedent. App. 29. And the State does not contest that this evidence was suppressed and favorable – which leaves no room to argue *Brady* does not apply to these facts. As the panel noted, this was classic impeachment. App. 14. Disclosure would have allowed the defense to explore fully Kirkpatrick's relationship with the prosecution. App. 24.

14

**B.** **The panel did not disregard state court factual findings.**

The State argues the panel "misapplied" AEDPA by "overriding the state habeas court's findings of fact," contrary to 28 U.S.C. § 2254(e)(1). Pet. 12-14. But the Petition does not show anything in the decision that conflicts with a relevant finding covered by section 2254(e)(1), and the *Brady* claim rests on facts no one disputes.

The State claims the panel erred by concluding that the prosecution "compensated" Kirkpatrick for her testimony by holding a "felony burglary charge over" her "head until after she testified against Holberg." Pet. 12. The opinion actually says the "State compensated Kirkpatrick by dismissing her criminal trespass charge and releasing her on bond." App. 23. The State's documents show, and police witnesses admitted, that they did exactly that, right after Kirkpatrick gave her statement against Holberg. ROA.92731, 106755:25-106756:20. The State points to no contrary finding.

The State also argues the panel wrongly concluded Kirkpatrick was compensated for testimony against Holberg through dismissal of the trespass charge, insisting that was done in return for help recovering stolen property. Pet. 13, citing ROA.106755:20-106756:23. But the State cites only *testimony* by a police officer at Kirkpatrick's sentencing. That is not a court *finding* covered by section 2254(e)(1).

The State also notes that the state court found there was no plea bargain in Kirkpatrick's burglary case, she did not ask for one, and she did not receive a deal in that case in return for testimony against Holberg. Pet. 13-14, citing ROA.36454-56. But the decision acknowledges these findings. App. 8. The undisputed facts relevant to the *Brady* claim are different. Kirkpatrick was paid thousands by the police; they did her favors immediately after she gave them a statement implicating Holberg; and she wrote to the judge in her case seeking probation based on her informant work and willingness to testify against Holberg. ROA.30235-37. These undisputed facts are powerfully impeaching, the last especially so: it proves Kirkpatrick lied when she testified she implicated Holberg only to "do the right thing." *See Glossip v. Oklahoma,* 145 S. Ct. 612, 628 (2025). These facts were known to police or prosecutors and were not disclosed.[1]

Holberg had a right to this information to cross-examine Kirkpatrick, so the relevant decision makers – the jurors – could assess her credibility. Had this been done they certainly would have concluded Kirkpatrick was a liar. And they would have shared that judgment with one of Holberg's prosecutors, who told the judge in

---

[1] Kirkpatrick's letter to her burglary judge, highlighting her willingness to testify against Holberg and pleading for probation, bears a file stamp and fax markings indicating the court sent it to the DA's office in September 1997, before Holberg's trial. ROA.30235-37.

the burglary case, just weeks after Holberg was sentenced, that Kirkpatrick repeatedly lied.  ROA.106764:5-9.

Ironically it is the State that ignores the state court's factual findings.  The prosecution repeatedly cited Kirkpatrick's testimony, including in opening, closing and the expert hypothetical.  *See, e.g.,* ROA.8077-78, 8082, 8084, 9288:3-25, 9339, 9505:3-25.  The State nevertheless insists Kirkpatrick was not important.  Pet. 6 ("anything but central"), 7 ("peripheral"), 11 ("not critical").  But the state court found that Kirkpatrick was a "key prosecution witness."  *Holberg,* 38 S.W.3d at 139.  Section 2254(e)(1) requires deference to that finding.  *See Gordon v. Pliler*, 573 F. App'x 657, 659 (9th Cir. 2014) (state court finding on *Brady* claim, that individual "was not a key witness," was entitled to deference under section 2254(e)(1)).

## V.     The *Brady* Claim Was Exhausted in State Court (and This Is No Longer an Issue).

Amicus argues the State waived an argument that the *Brady* claim was exhausted but this Court may ignore that waiver.  Doc. 298.  But the State did not just "waive" the defense.  It explicitly acknowledged the claim was exhausted: https://www.ca5.uscourts.gov/OralArgRecordings/21/21-70010_6-5-2024.mp3, at 0:38:35-49.  It showed why in a supplemental brief that presented the relevant facts

and law. Doc. 232. Even the dissent agrees that in light of the State's supplemental brief this "is no longer an issue." App. 29 n.1.

The State does not argue here that its position on exhaustion should be disregarded. That alone forecloses amicus' argument. *Squyres v. Heico Cos., LLC,* 782 F.3d 224, 234 n.5 (5th Cir. 2015); *Christopher M. by Laveta McA. v. Corpus Christi Indep. Sch. Dist.,* 933 F.2d 1285, 1292 (5th Cir. 1991).

And amicus concedes that even when the State merely waives a defense, "ordinarily the waiver will be honored." Doc. 298 at 6 (citing *Graham v. Johnson,* 94 F.3d 958, 970 (5th Cir. 1996)). Amicus cites no case in which the state filed a brief showing the claim was exhausted but its position was ignored, nor any even suggesting rehearing may be granted on this ground. And amicus never addresses the merits of exhaustion. Holberg and the State did – and showed the claim indeed was exhausted. Docs. 227, 232.

## CONCLUSION

The panel applied the law everyone agreed was controlling to undisputed facts relevant to the *Brady* claim. It correctly ruled that the suppressed impeachment was material and the state court's denial of the claim unreasonably applied clearly established law. The State disagrees but demonstrates no conflict

with *Brady* or AEDPA. Rule 40 does not allow rehearing en banc to relitigate the

State's arguments on the merits of these issues. The Petition should be denied.


Dated: June 13, 2025              Respectfully submitted,

                                */s/ David F. Abernethy*
                                David F. Abernethy
                                PA Bar No. 36666
                                FAEGRE DRINKER BIDDLE & REATH LLP
                                One Logan Square, Suite 2000
                                Philadelphia PA 19103-6996
                                Telephone (215) 988-2502
                                Fax (215) 988-2757
                                david.abernethy@faegredrinker.com

                                D. Alexander Harrell
                                TX Bar No. 24055624
                                FAEGRE DRINKER BIDDLE & REATH LLP
                                2323 Ross Avenue, Suite 1700
                                Dallas TX 75201
                                Telephone (469) 357-2500
                                Fax (469) 327-0860
                                alex.harrell@faegredrinker.com

                                Shawn Nolan
                                PA Bar No. 56535
                                Sonali Shahi
                                PA Bar No. 319898
                                FEDERAL COMMUNITY DEFENDER OFFICE
                                FOR THE EASTERN DISTRICT OF
                                PENNSYLVANIA
                                Capital Habeas Unit
                                601 Walnut Street, Suite 545 West
                                Philadelphia PA 19106
                                Telephone (215) 928-0520
                                shawn_nolan@fd.org
                                sonali_shahi@fd.org

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2025, a copy of this document was filed electronically with the Clerk for the Court of the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


Dated:  June 13, 2025                  */s/ David F. Abernethy*
                                           David F. Abernethy

## CERTIFICATES OF COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 32 AND 40 AND FIFTH CIRCUIT RULE 25

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and 40(d)(3)(A) because it contains 3,897 words, excluding the portions exempted by Federal Rules of Appellate Procedure 32(f) and Fifth Circuit Rule 40.2.5, as verified by the word count function of Microsoft Word, the word processing program used to prepare the document.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman in at least 14-point font.  I further certify that (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

Dated:  June 13, 2025

*/s/ David F. Abernethy*
David F. Abernethy