# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 07, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:  Fifth Circuit Statement on Petitions for Rehearing
            or Rehearing En Banc

   No. 21-70010    Holberg v. Guerrero
                   USDC No. 2:15-CV-285

Enclosed is a copy of the court's decision.  The court has entered judgment under Fed. R. App. P. 36.  (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

Fed. R. App. P. 39 through 41, and Fed. R. App. P. 39, 40, and 41 govern costs, rehearings, and mandates.  **Fed. R. App. P. 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.**  Please read carefully the Internal Operating Procedures (IOP's) following Fed. R. App. P. 40 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>.  Fed. R. App. P. 41 provides that a motion for a stay of mandate under Fed. R. App. P. 41 will not be granted simply upon request.  The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court.  Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>.  If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41.  The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

<u>Court Appointed Counsel</u>.  Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order.  If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **<u>and advise them of the time limits for filing for rehearing and certiorari</u>**.  Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

The judgment entered provides that each party bear its own costs on appeal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Mary Frances Yeager, Deputy Clerk

Enclosure(s)

Mr. David F. Abernethy
Mr. Travis Golden Bragg
Ms. Melissa Claire Cassel
Mr. Daniel Alexander Harrell
Mr. Paul Edward Mansur
Mr. Edward Larry Marshall
Mr. Shawn Nolan
Ms. Sonali Shahi
Ms. Meaghan McLaine VerGow